IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO PAGAN | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| vs. | : | NO.   07-CV-4780 |
| | : | |
| | : | |
| MARILYN S. BROOKS, et al. | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 4th day of November, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus[1] (Doc. No. 3), and after reviewing the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 8) and the Petitioner's Objections[2] (Doc. No. 14), IT IS ORDERED that:

---

[1] The instant petition was originally filed in the United States District Court for the Western District of Pennsylvania and docketed there at 07-CV-28.  It was ultimately transferred to the Court and docketed in the Eastern District at 07-CV-4780.  However, before the instant petition was docketed at 07-CV-4780, the Petitioner, Alberto Pagan, initiated identical proceedings before the Court at docket number 07-CV-2732.  When the instant petition was transferred and docketed, the Court referred it, along with the petition at 07-CV-2732, to United States Magistrate Judge Timothy Rice for the preparation of reports and recommendations.  The two petitions raise identical claims.  Judge Rice thoroughly analyzed each claim in a 39-page report and recommendation, which he filed in response to the instant petition.  (Doc. No. 8.)

[2] Pagan raises two colorable objections.  The first objection is based on the fact that Pagan is no longer in the custody of the Respondent, Marilyn S. Brooks, because Pagan was transferred out of SCI-Albion during the pendency of his petitions, i.e. the instant one and the petition at 07-CV-2732.  He objected to the fact that Brooks would not be replaced with a respondent who currently has custody over him.  This objection is moot in light of the Court's adoption of the report and recommendation and dismissal of this petition and the petition at 07-2732.  This same objection was raised in docket number 07-CV-2732.

The second objection is based on Judge Rice's recommendation that no evidentiary hearing be held.  As Judge Rice indicated in his report, "Pagan has not explained how an evidentiary hearing would advance his claims." (Doc. No. 8 at 37.)  The Court's own

1. The Petitioner's Objections are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The Petition for a Writ of Habeas Corpus is DISMISSED.

4. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:


/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.

---

independent review of the filings in this case, as well as the state court records, has similarly failed to reveal any reason why a hearing would be necessary or even helpful to Pagan.

The remainder of Pagan's filing, styled as objections, is merely a re-articulation of all his claims and theories for relief, which were thoroughly addressed by Judge Rice in his report and recommendation. Thus, the Court will not engage in any additional review as it would be duplicative. See Sanford v. Principi, No. 00-0502, 2002 WL 32334396, at *1 (S.D. W.Va. Sept. 26, 2002) (stating that objections that fail to direct the district court to any specific error by the magistrate judge do not trigger *de novo* review because such objections "prevent[] the district court from focusing on disputed issues and thus render[] the initial referral to the magistrate judge useless"), *aff'd*, 60 Fed. App'x 473 (4th Cir. Apr. 1, 2003), *cert. denied*, 540 U.S. 1137 (2004).